UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SW RESTORATIONS, LLC, <br>     *Plaintiff*, <br><br> v. <br><br><br> STATE FARM FIRE AND <br> CASUALTY COMPANY <br>     *Defendants*. | Case No. 1:21-cv-00060-TAV-CHS |

## REPORT AND RECOMMENDATION[1]

This matter is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff SW Restorations, Inc. ("SWR") moves for dismissal of its claim against Defendant under Rule 41(a)(2) of the Federal Rules of Civil Procedure [Doc. 17]. For the reasons stated herein it is **RECOMMENDED** that the motion be **GRANTED** under terms set forth herein.

A plaintiff cannot voluntarily dismiss an action if the defendant has filed an answer or a motion for summary judgment unless the defendant consents to the dismissal or the court has given plaintiff leave to do so. Fed. R. Civ. P. 41(a)(1) and (2). In the instant case, Defendant State Farm Fire and Casualty Company ("State Farm") has already filed an answer and does not consent to a voluntary dismissal without prejudice. Therefore, SWR seeks leave of court to voluntarily dismiss without prejudice its claim against State Farm pursuant to Rule 41(a)(2). A court may dismiss the action under Rule 41(a)(2) "on terms that the court considers proper."

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

The Sixth Circuit in *Walther v. Florida Title, Inc.*, 776 F. App'x 310, 315 (6th Cir. June 6, 2019), recently discussed the standard a district court must apply when determining whether to grant a voluntary dismissal without prejudice under Rule 41(a)(2):

> Whether voluntary dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Grover* [*v. Eli Lilly & Co.*], 33 F.3d [716,] 718 [(6th Cir. 1994)]. The primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment. *Id*. "[A]n abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (citation and internal quotation marks omitted).
>
> In determining whether a defendant will suffer plain legal prejudice, this court considers "such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*.

[Brackets added].

This action is a fire loss case. State Farm denied SWR's claim on the basis that the insurance policy had lapsed due to SWR's failure to pay the premiums. SWR disputes this contention. SWR filed this action in state court and State Farm removed it to this Court on March 24, 2021. SWR now seeks a voluntary dismissal without prejudice because "after a diligent search for records, the Plaintiff has determined that it is unable to prepare the trial of its matter on the schedule established by the court's scheduling order and believes that it is in its best interest to request dismissal." [SWR's brief in support of Motion to Dismiss at 2, Doc. 17].

The instant case has been pending since March 2021; however, it appears little discovery has been conducted by either party. State Farm did serve interrogatories and filed a motion to compel answers which the Court granted. The Court also awarded sanctions to State Farm and against SWR in the form of State Farm's attorney fees reasonably incurred in preparing and arguing the motion to compel. State Farm has filed no dispositive motion, and the discovery deadline, May

4, 2022, had not yet expired at the time of the filing of SWR's motion. The trial is scheduled to commence on August 9, 2022, thus State Farm has not begun trial preparations.

State Farm asks that the case be dismissed *with* prejudice or, if dismissed *without* prejudice, that it be awarded its defense costs. State Farm asserts that SWR's explanation for seeking a dismissal without prejudice is inadequate and that, if SWR did not have the appropriate records to prove its case, it should not have filed this action in the first place.

Dismissal with prejudice is not a matter properly brought before the Court because SWR has not moved for dismissal *with* prejudice and neither has State Farm. Otherwise, the Court finds State Farm's argument has some merit. On the other hand, this is a relatively simple case, and State Farm has not yet put a great deal of time and expense into this case. Significantly, State Farm does not argue that evidence and witnesses may be lost or that it will be prejudiced in its ability to defend this case if it is delayed.

The Court concludes that, if records can be found within the applicable statute of limitations period, SWR should be permitted to pursue its claim; however, State Farm should not be penalized by having to pay attorney fees and expenses to repeat work it has already completed in this action. Therefore, it is **RECOMMENDED** that SWR's Motion to Dismiss without prejudice be **GRANTED** under the condition that, should SWR timely re-file this action, SWR shall pay to State Farm its reasonable attorney fees and expenses incurred in the current action in connection with: (1) removing this action from state court to this Court; (2) preparing an answer to the complaint; (3) preparing its Rule 26(f) report; and (4) responding to SWR's motion for leave to dismiss without prejudice.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE